## WHITNEY *v.* GOIN.

The court will not, upon motion of either party at the trial, instruct the jury as to the legal effect of a state of facts not proved.

If a creditor receive of his debtor, when the debt is contracted, the note of a third person, and indorsed by such debtor, it will not be presumed to have been taken in satisfaction.

The receiving of such note, as collateral security for a debt, is not conclusive evidence of an agreement to wait till its maturity, before collecting the principal debt.

ASSUMPSIT, on account annexed, viz. :

| 1847. November 8. | To balance of old account, | $397.48 |
| | To merchandise, per bill, net, | 968.95 |
| | Interest to January 17, 1848, | 15.71 |
| | | $1,382.14 |

There was a second count, for goods sold and delivered, of $1,400. The defendant confessed the action, and $1,094.37 damages, and pleaded the general issue to the residue; and the plaintiffs introduced evidence tending to prove their account, which was not controverted.

The defendant introduced evidence to prove a bill of parcels, bought by Goin of Whitney & Fenno, amounting to $962.55, and substantially agreeing with the second charge in the plaintiff's account; at the foot of which was the following writing, after the $962.55 :

| "Deduct S. G. Hutchins' note, | $300.00 |
| | 662.55." |

It was shown that at the request of Goin, S. G. Hutchins made a note of $300, payable to Whitney & Fenno, or order, at their store in Boston, three months after date, and delivered the same to Goin, who, at the time of purchasing said bill of goods, put his name on the back of the note, and delivered it to Whitney & Fenno, who, as he contended, took it in part payment. It was also shown that Whitney & Fenno, before said note became due, offered the same for discount, and it was discounted at a bank in Boston, was protested for non-payment, and was taken up by said Whitney & Fenno.

The plaintiffs then introduced evidence to prove that at the time Goin purchased the last bill of goods, he presented the note of S. G. Hutchins; said he had procured

the note in hopes that Whitney & Fenno would receive it in lieu of cash, and wished them to take it in part payment of the account; but they refused to receive it on those terms, or in any other way than as collateral security, and to allow it to him, if paid; and this Goin finally consented to, but he wished for a memorandum of the note, which was given him.

The plaintiffs' witnesses, who were their clerks, testified that no agreement was made by Whitney & Fenno to receive the note as collateral for any particular part of the account, or that payment of any part of the account should be suspended till Hutchins' note should be paid. The bill of goods was shown to be sold for cash, on demand. W. W. Mair, a witness for the plaintiffs, testified that he was a book-keeper of the plaintiffs, and that he made the entry, "Deduct S. G. Hutchins' note, $300," on the foot of the bill produced in evidence, as a memorandum merely, and without the direction of any one; that he knew of no agreement of Whitney & Fenno to receive the note in payment, and that he made no agreement with Goin in relation to the note, being merely a book-keeper, and having no authority to sell goods, or make contracts for the plaintiffs.

The defendant's counsel asked the court to charge the jury, 1. That if the plaintiffs took of the defendant the note of Hutchins, at the time he purchased the goods, and credited it to the defendant on his bills as cash, and required the defendant's endorsement of the note, and then endorsed it themselves, and negotiated it at the bank as their own note, this would charge the plaintiffs with the note as a payment. 2. That if the note was taken and treated as aforesaid by the plaintiffs, with the understanding, when taken, that it was to be payment of the plaintiffs' account when paid, this would imply, as matter of law, an agreement to wait on the account till the note became due.

But the court declined so to charge the jury, and

instructed them that if the note was not received as payment, the plaintiffs would not be charged with it as a payment; and that if the goods were sold expressly for cash and without credit, and no agreement was made to wait for payment till Hutchins' note became due, of which they were to judge upon the whole evidence, the plaintiffs had a right to commence their action, without reference to the time of payment of that note. To which the defendant excepted.

The jury found a verdict for the plaintiffs, which the defendant moved might be set aside and a new trial granted, by reason of said exception.

It was ordered that the questions arising upon the foregoing case be reserved and assigned for the decision of the Superior Court.

GILCHRIST, C. J. It is the general practice of courts in the trial of causes to call the attention of the jury to some extent to the evidence which has been introduced, and to instruct them as to the legal effect and bearing of it upon the issue to be tried, where such instruction appears to be required. When the court has omitted to do this in their charge, the omission may be remedied by a motion in behalf of either party, for instructions with respect to the particular articles of evidence omitted. But from this salutary practice a party cannot derive a claim to suppose or hypothecate a case not supported by the evidence, and to require the ruling of the court upon the legal effect of such supposed state of facts.

In this case, the court were requested to instruct the jury as to the hypothesis that the plaintiffs credited upon their bills the note of Hutchins as cash; a fact which was wholly disproved by the testimony of Mair, who swore that he himself entered the memorandum of the note of Hutchins at the foot of the bill, without authority, either direct or implied, to credit the amount to the defend-

ant, and without any intention to enter the same as a credit.

This appears to answer the exceptions of the defendant, so far as they relate to that part of his motion. They are further answered by the general effect of the instructions which were in fact given. The only question that was before the jury upon this part of the evidence, was whether the note of Hutchins was received by the plaintiffs of the defendant as cash ; and that question the jury were directed to consider.

The court instructed the jury "that if the note of Hutchins was not received as payment, the plaintiffs would not be charged with it as a payment." This was in strict conformity with the cases in this State and elsewhere ; *Jaffrey* v. *Cornish*, 10 N. H. 505 ; *Wright* v. *Crockery Ware Co.*, 1 N. H. 281 ; where it is said that "if a creditor receive the note of his debtor, or of a third person, indorsed by the debtor, either for a precedent debt or a debt arising at the time, it is not presumed it has been received in satisfaction." Chitty on Bills 109 ; *Holmes* v. *D' Camp*, 2 Johns. 33.

To the same effect is *Owenson* v. *Morse*, 7 T. R. 64 ; Bailey on Bills 248 ; and there is nothing in this case which tends to bring it within any of the exceptions or qualifications of the general and perfectly established rule on the subject. That the defendant was required to indorse the note shows that the plaintiffs did not intend to take risk of its being paid, and their discounting it at the bank was a legitimate use of the security, in its terms negotiable, and of a kind usually taken in trade, for the express purpose of being negotiated.

The second position of the defendant was, that if the note was taken by the plaintiffs with the understanding that it was to be payment of the plaintiff's account, when paid, this would imply, as matter of law, an agreement to wait on the account till the note became due.

If the defendant, in his motion, intended to suppose a state of facts other than what are sustained by the evidence, the judge who tried the cause was, for the reasons before given, bound to disregard the motion. Upon the presumption, however, that the motion was designed to refer to the evidence, and to recite the substance of it upon this head, we may examine the case for the purpose of putting a correct construction upon the terms of the motion. The evidence was that the goods were sold for cash, on demand, and that the note was taken as collateral security, to be allowed to the defendant when paid.

That evidence renders the relation of the several parties to the note extremely plain. The plaintiffs held it in trust for the defendant, as collateral security is usually held. When the time arrived at which they could call for the principal debt, and chose to do so, they were not obliged, upon any principle of law, to wait for the maturity of the collateral security, any more than if it had matured they would have been required to exhaust it before falling upon the principal.

The instructions of the court were upon this point full, and went to the whole extent of the evidence.

We are, therefore, of the opinion that the exceptions of the defendant cannot prevail, and that there must be

*Judgment on the verdict.*